**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

LIBERTY ELEVATOR EXPERTS, LLC, &
CHRISTOPHER M. DODDS,

      Plaintiffs,

  v.

ALBERT CHONG,

      Defendant.

Civil Action no. _____

**COMPLAINT AND
JURY DEMAND**

   Plaintiffs Liberty Elevator Experts, LLC ("Liberty") and Christopher M. Dodds, through undersigned counsel, files this Complaint against Defendant Albert Chong. In support, Liberty and Mr. Dodds, on information and belief, allege as follows:

<u>**THE PARTIES**</u>

   1.  Liberty is a Delaware limited liability company, with its principal place of business at 625 Barksdale Road, Suite 113, Newark, DE 19711. All members of Liberty are citizens of Delaware. Liberty is a family owned and operated consulting, safety, and elevator-inspecting establishment.

   2.  Plaintiff Christopher Dodds is a Delaware citizen and resides at 23401 Boat Dock Drive, Lewes, DE, 19958.

   3.  Defendant Albert Chong is a Pennsylvania citizen, and resides at 797 Cocalico Road, Birdsboro, PA 19508.

   4.  Mr. Chong is a former employee of Liberty, and a party to the Employee Handbook Agreement, attached hereto as **Exhibit 1** with Chong's signature page attached hereto as **Exhibit 2**.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Liberty and Defendants, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b).

3.      This Court has personal jurisdiction over Defendant by virtue of Defendant's actions directed in and towards Pennsylvania giving rise to the claims asserted in this Complaint, and by virtue of Defendant's principal address.

## STATEMENT OF FACTS

5.      Defendant Chong began working for Liberty as a Qualified Elevator Inspector in December 2017. *See* **Exhibit 3**, Chong Accepted Offer Letter.

6.      Upon accepting his employment offer, Chong signed a copy of the Employee Handbook. *See* Exs. 1 & 2.

7.      The Employee Handbook, includes, among other things, a provision prohibiting disparagement of Liberty. *See* Ex. 1, at 21.

8.      Specifically, the Employee Handbook states the following:

> The following actions are forbidden: using disparaging, abusive, profane or offensive language; creating, viewing or displaying materials that might adversely or negatively reflect upon Liberty or be contrary to Liberty's best interests; and engaging in any illegal activities, including piracy, cracking, extortion, blackmail, copyright infringement, and unauthorized access of any computers and company-provided equipment such as cell phones and laptops.
>
> *Id*.

9.      Chong remained employed as a Qualified Elevator Inspector with Liberty until February 4, 2022.

10.     Prior to Chong's departure, Liberty had informed Chong that he was failing to meet certain requirements relating to elevator inspections assigned to him, including the number of inspections in his territory.

11.     Liberty informed Mr. Chong this would result in a role change.

12.     Mr. Chong resented that Liberty's oversight was resulting in a role change and that Liberty had to send a fellow employee, Mr. Kevin Rankin, to complete Mr. Chong's overdue work.

13.     On February 4, 2022, Chong abruptly resigned from Liberty due to Liberty's plan to change Chong's role. *See* February 4, 2022 E-mail from Albert Chong to Christopher Dodds and Joe McAnulty, Re: "Last Day" ("Resignation Email"), attached hereto as **Exhibit 4**.

14.     The Resignation Email was littered with expletives and it explained that that day, February 4, 2022, was to be Mr. Chong's last day working for Liberty. *See* Ex. 4, generally.

15.     Around the same time, the National Association of Elevator Safety Authorities ("NAESA"), a non-profit focused on elevator safety, received an anonymous letter, rife with inflammatory lies and baseless accusations. *See* Anonymous Letter sent to NAESA (the "Letter"), attached hereto as **Exhibit 5**.

16.     The Letter alleges, among other things, that Christopher Dodds, President, and Joe McAnulty, General Manager & Director of Safety, "have been cheating with the QEI applicant eligibility requirements and with the testing proctoring requirements." *See* Ex. 5, at 1. Those allegations were and continue to be false, disparaging, and defamatory.

17.     The Letter also directly attacks and disparages Liberty employee Kevin Rankin. *See id* ("There is even nepotism going on at Liberty, which resulted in Kevin Renkin [sic] in

getting his QEI in record time with just a few weeks of training, but I'm sure his application will say that he trained for a year.").

18.     The Letter, without any substantiation, further complains of the volume of work expected per employee. *See id*. ("Many of the applicants did not even work in the elevator field and now walk around doing over 15 inspections a day, since Joe McAnulty pushes 15 inspections a day minimum in order to keep a company vehicle. NOT A VERY SAFE WAY TO DO BUSINESS, NOT FOR NAESA NOR LIBERTY."). These further allegations were and continue to be false, defamatory, and disparaging.

19.     The Letter attacks NAESA as well, stating,

> Naesa has clearly failed to properly monitor the application process and the proctoring done by liberty. It's a farce, it's like the fox watching the hen house. It's a shame that Chris Dodds and Joe McAnulty have stoop so low in such malignant, self-centered manner. They clearly made fools of Naesa code of conduct and the ethics. This is not a very good reflection on Naesa, since they hold positions with Naesa.

*Id*.

20.     The Letter further threatens to escalate these fallacies to other third parties:

> Naesa has a couple of ratten [sic] apples on its staff, a thorough investigation into Liberty's past few years of QEI applicants need to take place. I will be notifying ANSI, about what is going on Naesa, and its lack of oversight into Liberty Elevator Experts, since I understand that this behavior was previously brought to Naesa's attention. I will also notify the State of Pennsylvania, state of Maryland, Delaware State and prosecutor office. I urge Naesa International not to take this lightly and do a thorough investigation.

*Id*.

21.     Finally, the Letter threatens to spread its lies to the media. *Id*.

22.     NAESA, however, does not investigate anonymous accusations, particularly those without any accompanying substantiation or proof.

23.     NAESA requested that the sender of the anonymous letter identify himself. NAESA also requested any substantiation of the allegations in the letter. Tellingly, the sender provided no substantiating information. And, when the anonymous sender also refused to identify himself, NAESA did not move forward with an investigation.

24.     This issue reared its head again when on February 9, 2022, just five (5) days after Mr. Chong's abrupt resignation, multiple employees of Liberty received an email from magnum1983@protonmail.com attaching the same letter received by NAESA. *See, e.g.*, February 9 Email from magnum1983@protonmail.com to Bill Snyder, Re: Chris/Joe, attached hereto as **Exhibit 6**.

25.     The e-mail address displays the name "Concerned QEI Inspector" and originates from an encrypted e-mail server based out of Switzerland.

26.     The message in the email states, "I know you take elevator business very serious, and this is just wrong." *See id*.

27.     The metadata for the Letter, sent in the form of a Microsoft Word document, provides in the "Properties" field that it was authored by Albert Chong.

28.     Thus, Liberty suspected that Chong was the individual making the false, disparaging, and defamatory statements set forth above. However, because the e-mail server was encrypted, Liberty could not be absolutely certain at that time that Chong had sent the letter and made the false, disparaging, and defamatory statements.

29.     On February 10, 2022, Chong sent a text message to Christopher Dodds, expressly admitting that he did indeed author the Letter and sent it anonymously to a number of third parties. *See* February 10, 2022 Screenshot of text messages, attached hereto as **Exhibit 7**.

30.     Chong's February 10, 2022 text message threatens to continue to escalate the situation and further irreparably harm Liberty and Mr. Dodds. *See* Exhibit 7 ("Im [sic] willing to take this [as] far as I have to.")

31.     Mr. Chong's text message also states that he authored the Letter "with the help of a few others." *See* Exhibit 7. Liberty and Mr. Dodds have not yet identified Mr. Chong's accomplices.

32.     The Letter and Chong's baseless accusations substantially damaged the goodwill and reputation of Liberty and Mr. Dodds. Thus, Liberty and Mr. Dodds have been irreparably harmed.

33.     Shortly after Chong's abrupt departure from Liberty, he retained employment at another company in the elevator industry, at Kencor Elevator Systems ("Kencor"_.

34.     Through his current employment at Kencor, Chong currently has access to and communicates with a number of Liberty customers, as well as prospective customers of Liberty.

35.     Liberty and Mr. Dodds believe that Chong is continuing to disparage Liberty and Mr. Dodds to a number of current and future Liberty customers, including by making the false, disparaging, and defamatory statements identified above, both verbally and in writing.

36.     Since receiving notice from NAESA of the Letter, as well as the circulation of the Letter to Liberty's employees, Liberty has expended a substantial amount of time, money, and resources as a result of these false, disparaging, and defamatory statements.

37.     Chong continues to disparage and defame Liberty and Mr. Dodds, verbally and in writing, to third parties, including current and future customers of Liberty, as well as other third parties.

6

38.     Chong's false, defamatory, and disparaging statements have irreparably harmed Liberty and Mr. Dodds, and continue to do so.

## FIRST CLAIM FOR RELIEF
### Defamation
### (on behalf of Plaintiffs Liberty and Dodds)

39.     Plaintiffs allege and incorporate here by reference all preceding paragraphs of this Complaint.

40.     As detailed above, the Letter contains false statements of a defamatory character. *See* Ex. 3, generally. Chong's other writings and verbal statements contain similar false and defamatory statements.

41.     These statements were published by Defendant Chong and sent to Liberty's current and future customers, NAESA, Chong's current and former coworkers, Chong's current customers, and other unknown third parties.

42.     The statements made in the Letter directly concern the Plaintiffs, Liberty and Mr. Dodds.

43.     The readers of the statement understood the message of the statement to be disparaging.

44.     Special harm befell Liberty, as well as Mr. Dodds, through the Letter's publication.

45.     Namely, Liberty's clients, oversight board, and employees were fed false statements concerning its business practices. Mr. Dodds, currently a member of NAESA, suffered humiliation.

46.     The Letter has irreparably harmed the goodwill and reputation of Liberty and Mr. Dodd, and likely resulted in a loss of future business.

47.     These statements came from the privileged relationship Defendant Chong enjoyed with Liberty during his employment.

Wherefore, Liberty Elevator Experts, LLC requests entry of judgment on Claim I against Albert Chong, and that the Court award relief as outlined in the below Prayer for Relief.

## SECOND CLAIM FOR RELIEF
### Libel
### (on behalf of Plaintiffs Liberty and Dodds)

48.     Plaintiffs allege and incorporate here by reference all preceding paragraphs of this Complaint.

49.     As detailed above, the Letter contains false statements of a defamatory character. *See* Ex. 3, generally. Chong's other writings and verbal statements contain similar false and defamatory statements.

50.     These statements were published by Defendant Chong and sent to Liberty's current and future customers, NAESA, Chong's current and former coworkers, Chong's current customers, and other unknown third parties.

51.     The statements made in the Letter directly concern the Plaintiffs, Liberty and Mr. Dodds.

52.     The readers of the statement understood the message of the statement to be disparaging.

53.     Special harm befell Liberty, as well as Mr. Dodds, through the Letter's publication.

54.     Namely, Liberty's clients, oversight board, and employees were fed false statements concerning its business practices. Mr. Dodds, currently a member of NAESA, suffered humiliation.

55.     The Letter has irreparably harmed the goodwill and reputation of Liberty and Mr. Dodd, and likely resulted in a loss of future business.

56.     These statements came from the privileged relationship Defendant Chong enjoyed with Liberty during his employment.

Wherefore, Liberty Elevator Experts, LLC requests entry of judgment on Claim II against Albert Chong, and that the Court award relief as outlined in the below Prayer for Relief.

### THIRD CLAIM FOR RELIEF
**Commercial Disparagement**
**(on behalf of Plaintiffs Liberty and Dodds)**

57.     Plaintiffs allege and incorporate here by reference all preceding paragraphs of this Complaint.

58.     As detailed above, the Letter contains false statements of a defamatory character. *See* Ex. 3, generally. Chong's other writings and verbal statements contain similar false and defamatory statements.

59.     These statements are made with the purpose of discouraging others from dealing with Liberty. *See* Ex. 3, generally.

60.     These statements were published by Defendant Chong and sent to Liberty's current and future customers, NAESA, Chong's current and former coworkers, Chong's current customers, and other unknown third parties.

61.     The statements made in the Letter directly concern the Plaintiffs, Liberty and Mr. Dodds.

62.     The readers of the statement understood the message of the statement to be disparaging.

63.     Special harm befell Liberty, as well as Mr. Dodds, through the Letter's publication.

64.     Namely, Liberty's clients, oversight board, and employees were fed false statements concerning its business practices. Mr. Dodds, currently a member of NAESA, suffered humiliation.

65.     The Letter has irreparably harmed the goodwill and reputation of Liberty and Mr. Dodd, and likely resulted in a loss of future business.

66.     These statements came from the privileged relationship Defendant Chong enjoyed with Liberty during his employment.

Wherefore, Liberty Elevator Experts, LLC requests entry of judgment on Claim III against Albert Chong, and that the Court award relief as outlined in the below Prayer for Relief.

## FOURTH CLAIM FOR RELIEF
### Tortious Interference with Prospective Commercial Relations
### (on Behalf of Plaintiff Liberty)

67.     Liberty alleges and incorporates here by reference all preceding paragraphs of this Complaint.

68.     As alleged above, Chong remains in the elevator industry and has contact with a number of Liberty's current and potential clients.

69.     Chong's statements and actions are intended to harm Liberty by preventing any new or renewal contracts with Liberty.

70.     Chong's statements and actions are also intended to harm the relationships between Liberty and its employees.

71.     Chong is doing so with no justification.

72.     Liberty has suffered damage as a result of Chong's statements. The Letter has irreparably harmed the goodwill and reputation of Liberty.

73.     It is reasonably certain that Chong's statements have caused Liberty to lose contractual and prospective relationships.

Wherefore, Liberty Elevator Experts, LLC requests entry of judgment on Claim IV against Albert Chong, and that the Court award relief as outlined in the below Prayer for Relief.

### FIFTH CLAIM FOR RELIEF
**Breach of Fiduciary Duty of Loyalty**
**(on behalf of Plaintiff Liberty)**

74.     Liberty alleges and incorporates here by reference all preceding paragraphs of this Complaint.

75.     During the term of his employment with Liberty, Chong owed Liberty a duty of good faith, loyalty, diligence and faithful service.

76.     Disregarding those duties, Chong purposely diverted time while employed with Liberty to draft disparaging letters and other writings containing fabrications designed to hurt his employer, Liberty.

77.     Chong was bound to act with good faith and with due regarding to the interests Liberty, but instead acted for his own interests to injure Liberty.

78.     These fabrications have brought harm to Liberty's reputation and good will.

Wherefore, Liberty Elevator Experts, LLC requests entry of judgment on Claim V against Albert Chong, and that the Court award relief as outlined in the below Prayer for Relief.

11

## SIXTH CLAIM FOR RELIEF
### Breach of Covenant of Non-Disparagement
### (on behalf of Plaintiff Liberty)

79.     Liberty alleges and incorporates here by reference all preceding paragraphs of this Complaint.

80.     As alleged above, Defendant Chong signed a copy of the employee handbook agreement.

81.     Chong's statements are a direct breach of the non-disparagement clause of the Employee Handbook. *See* Ex. 1, at 21.

82.     Chong is doing so with no justification.

83.     These fabrications have brought harm to Liberty's reputation and good will.

Wherefore, Liberty Elevator Experts, LLC requests entry of judgment on Claim VI against Albert Chong, and that the Court award relief as outlined in the below Prayer for Relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Liberty Elevator Experts, LLC and Mr. Dodds respectfully request that this Court grant relief in its favor and against Defendants Albert Chong as follows:

a.  A temporary restraining order and/or preliminary injunction prohibiting Albert Chong from continuing to defame Liberty and Mr. Dodds;

b.  An award of compensatory damages exceeding $75,000, with interest at the maximum amount permitted by law;

c.  Punitive damages;

d.  A permanent injunction prohibiting Albert Chong from disparaging and defaming Liberty and Mr. Dodds;

e.  An award of attorneys' fees, costs, and other expenses as permitted by law; and

f.  Such other and further relief as the Court may deem just and proper.

12

## DEMAND FOR JURY TRIAL

Liberty Elevator Experts, LLC respectfully requests a trial by jury on all issues triable under Claims I, II, III, IV, V, and VI of this Complaint.

Dated: February 22, 2022                    Respectfully submitted,

**DUANE MORRIS LLP**

By:  _/s/ *John D. Huh*_
      John D. Huh (ID No. 203230)
      Scott M. Vernick (ID No. 318880)
      Jessica Linse (ID 327288)
      30 South 17th Street
      Philadelphia, PA 19103-4196
      T: 215.979.1000 / F: 215.979.1022
      e: john.huh@duanemorris.com
         scott.vernick@duanemorris.com

      *Attorneys for Plaintiff*