IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LIBERTY ELEVATOR EXPERTS, LLC, and CHRISTOPHER M. DODDS,<br><br>　　　　　　Plaintiffs,<br>　　v.<br><br>ALBERT CHONG,<br><br>　　　　　　Defendant. | Civil Action no. 5:22-cv-00664 |

# JOINT RULE 26(f) REPORT

In accordance with Fed. R. Civ. P. 26(f), counsel for the parties conferred on May 27, 2022 and submit the following report of their meeting for the court's consideration:

**I.　Counsel**

　　A.　Lead counsel for Plaintiffs:　　Scott M. Vernick

　　B.　Lead counsel for Defendant:　　Charles E. Dutko Jr.

　　C.　Counsel who participated in Rule 26(f) conference on behalf of Plaintiffs:

　　　　- Scott M. Vernick
　　　　- Jessica Linse

　　D.　Counsel who participated in Rule 26(f) conference on behalf of Defendant(s):

　　　　- Charles E. Dutko Jr.

**II.　Description of Claims and Defenses**

*The Parties should assume that the Court has read the Complaint and is familiar with the claims. However, the facts supporting those claims and defenses are unknown. Therefore, counsel shall summarize the primary facts that the parties contend support their claims and defenses and the threshold legal issues.* **Counsel should not merely parrot their pleadings**. *In addition, the Parties should attach critical documents to this report for the Court to review, if not attached to the pleadings already (e.g., in a contract case, the document(s) comprising the contract; in a personal injury case, photographs of the scene, etc.).*

- Liberty Elevator Experts, LLC ("Liberty") is an elevator consulting, safety and inspection company. Defendant Albert Chong is a former employee of Liberty, and resigned from Liberty on February 4, 2022.

  On the same date (February 4, 2022), Mr. Chong sent a letter (at the time, anonymously) to certain elevator industry persons and employees at Liberty, and potentially to other sources. It is Plaintiffs' position that the letter is defamatory, and contains knowingly false and disparaging statements against Liberty and Liberty's President, Chris Dodds. For *e.g.*, the letter accuses Mr. Dodds and Liberty of "forging [records]," "cheating with the QEI applicant eligibility requirements and with the testing proctoring requirements," "being the most dishonest individuals that [Mr. Chong has] run across," and having "[n]o moral uprightness, nor care for its employees."

  Mr. Chong admitted that he authored the letter, and noted he had "help of a few others." At this time, it is not clear to Plaintiffs the extent the letter was disseminated, and of any related communications.

### III.    Stipulated Facts

*The Parties **must stipulate to facts that are not in dispute**.  In the interest of judicial economy and avoiding duplicative and/or unnecessary discovery, the Parties are required to identify and sign a stipulation outlining facts which they do not intend to dispute, although they are not required to identify disputed facts at this early stage.*

- Liberty Elevator Experts, LLC ("Liberty") is an elevator consulting, safety and inspection company.

- Defendant Albert Chong is a former employee of Liberty. Mr. Chong was employed as a Qualified Elevator Inspector, starting in December 2017 and resigning on February 4, 2022.

- Mr. Chong admitted that he authored the at-issue Letter, and noted he had "help of a few others."

- Mr. Chong is currently employed with Kencor Elevator Systems, another company in the elevator industry.

IV. **Jurisdiction**

*The Parties must state the basis for this Court's subject matter jurisdiction over the dispute.*

- This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

V. **Insurance Coverage and Deductibles**

*The Parties must disclose any insurance coverage and the cost of the retainer or deductible as required by Rule 26(a)(1)(A).*

- N/A

VI. **Dispositive Motions**

*The Parties must identify if either side expects to file a case-dispositive motion, what motion, and approximate timeline for the motion.*

- At this juncture, the parties anticipate the need for case dispositive motions at the close of discovery, likely on issues on liability and potentially on damages as well. At minimum, dispositive motions can potentially narrow issues ahead of trial.

- Relatedly, Defendant's Motion to Dismiss is pending with the Court.

VII. **Anticipated Scope of Discovery**

   A. *Summarize with specificity those issues on which the Parties will need to conduct discovery. Identify categories of information each Party needs in discovery and why.*

   - It is anticipated that discovery will be needed on:
      (i) The at-issue Letter, generally. This includes:
         - information relating to the drafting, preparing and/or sending of the Letter;
         - the persons involved in drafting, preparing and/or sending of the Letter;
         - persons and/or entities that received the Letter;
         - communications with persons and/or entities that received the Letter;
         - communications with persons and/or entities concerning the contents of the Letter;
         - the contents of the Letter.

    B.   Anticipated number of interrogatories per Party:   25

    C.   Anticipated number of depositions per Party:   1-3 party depositions, not including experts and third parties

    D.   *To the extent either Party proposes to exceed the presumptive limits in the Federal Rules of Civil Procedure for discovery, explain the basis for that proposal.*

- N/A

    E.   *Do the Parties anticipate the need for any third-party discovery? If so, identify the likely third-parties and the discovery to be sought.*

- Yes. Plaintiffs anticipate the need for third-party discovery, in particular relating to persons (not yet identified) who participated with Defendant in preparing and circulating the at-issue "Letter;"[1] and relating to persons and/or entities that received the Letter (again, likely including not yet identified persons and entities). Plaintiffs will seek to investigate the circumstances and motives around preparing and circulating the Letter, and the responses and harm (including reputational) that has resulted from the Letter, and any related communications.

    F.   *Do the Parties anticipate the need for experts? If so, identify the subjects on which the expert(s) may opine.*

- Yes. The parties anticipate the need for experts on damages issues, likely including expert review and opinions on reputational harm and economic harm.

## VIII.   Status of Discovery

*The Parties must summarize the status of discovery to-date. State the parties' agreement on timing, form and scope of informal disclosures. Specifically identify not only the information listed in Rule 26(a)(1), but any additional information the parties agree to disclose informally. If nothing has been done in terms of discovery, the Parties should explain why. Keep in mind that self-executing discovery must not be delayed until the pretrial conference.*

- On the current status of discovery, Plaintiffs served written discovery (Interrogatories and Requests for Production, First Sets) to Defendant on May 20, 2022.

---

[1] The "Letter" refers to the then-anonymous letter correspondence allegedly sent to the National Association of Elevator Safety Authorities ("NAESA"), Liberty's employees, and/or others, at center of this action and attached to the Complaint as Exhibit 5.

- Defendant served written discovery (Interrogatories and Requests for Production, First Sets) to Plaintiffs on May 27, 2022.

- The parties will comply with Fed. R. Civ. P. 26(a)(1)(C), and agree to serve informal disclosures on or before June 3, 2022. The disclosures will contain: (i) persons likely to have discoverable information; (ii) a description of relevant documents and tangible things; (iii) computation of damages; and (iv) any insurance agreements.

IX. **Proposed Case Management Deadlines**

*When completing this section, the Parties should presume that the Court will not bifurcate fact and expert discovery. Therefore, the Parties should propose dates that take that presumption into account.*

    A. Deadline to serve initial disclosures under Rule 26(a)(1):  June 3, 2022

    B. Deadline to amend pleadings to add claims or Parties:  July 22, 2022

    C. Deadline for substantial completion of document productions:  September 2, 2022[2]

    D. Deadline for affirmative expert reports (if any) and disclosure of lay witness opinion testimony with related information and documents (if any):  October 7, 2022

    E. Deadline for rebuttal expert reports (if any):  October 21, 2022

    F. Deadline to complete discovery:  October 21, 2022

    G. If any Party seeks more than 120 days for fact discovery, explain why.

- The parties' proposed dates take into account the need to move this matter along expeditiously and efficiently, and it is the parties' position that the proposed dates accomplish this goal, and allow reasonable time for discovery and investigation.

    H. Deadline to file motion for summary judgment:  November 21, 2022

    I. Estimated trial ready date:  March 6, 2023

    J. Estimated Number of Days for Trial:  4-5 trial days

---

[2] Notwithstanding this deadline, the parties agree to produce documents on a rolling basis as collection and reviews progress, without unreasonable delay.

**X.     Deposition Scheduling**

*The Court expects the Parties to meet and confer as soon as practicable to set aside dates to hold open for depositions before the close of discovery. If the Parties have not already done so, the Court will order the Parties to do so within two weeks of the Rule 16 conference.*

      Have the Parties set aside dates for deposition?  Yes

      If yes, what are those dates?          September 19-30, 2022

**XI.    Electronic Discovery**

***Prior to the Rule 16 conference***, *the Court expects the Parties to have a thorough discussion about electronic discovery, including but not limited to 1) the need for electronically stored information ("ESI"), 2) sources of ESI, 3) the anticipated scope of electronic discovery, 4) the identity of potential custodians, 5) whether search terms will be necessary and, if so, any limitations thereto, 6) the respective burdens of collecting, reviewing, and producing ESI, including any claims for cost-shifting under the Federal Rules of Civil Procedure, and 7) any anticipated problems with electronic discovery. The Parties should summarize their discussion on these issues here. The Court expects counsel who attends the Rule 16 conference to be familiar with and able to discuss any ESI-related issues that might arise.*

*In addition, the Parties should state whether they have agreed to an ESI stipulation. If so,* ***the Parties should submit the stipulation to the Court in advance of the Rule 16 conference****. If not, the Parties should identify what issues need to be resolved to finalize the stipulation.*

- Discovery of ESI is of paramount importance in this matter. As a result, the parties agree as follows:
    - Document production shall take place pursuant to the Federal Rules of Civil Procedure and be substantially completed by September 2, 2022.
        - *Data Collection, Location & Parameters*. The parties will exchange ESI. On the same date as a party's responses to requests for production of documents (thirty days after service of document requests, unless the parties agree to a different time or by leave of Court), the responding party will:
            i. *Custodians*. Identify each custodian, and the specific ESI sources collected and searched. The custodians shall be identified by name, title and connection to the litigation. E.g.:
                - *Joseph Smith*, VP of Marketing. Mr. Smith was lead negotiator for the at-issue agreement. Areas searched: company email [jsm@company.com]; laptop hard drive;

> > external hard drive; SMS text messages on iphone [no. 215.555.8888].
> 
> > ii. *Other Data Collection Sources & Shared Spaces*. Identify other ESI sources and shared spaces to be collected and searched. [*e.g.*, company drives, cloud space, etc.]. In addition, identify all company shared spaces, archives and other ESI storage locations which the producing party believes are not reasonably accessible, but may contain relevant materials.
> 
> > iii. *Search Terms*. Identify all terms to be used to filter and isolate ESI that is potentially responsive prior to review or production, and any date ranges limiting review.
> 
> - The parties agree that ESI will be produced with standard and reasonable metadata. The parties will jointly submit a proposed ESI protocol on or before June 9, 2022— the date of this Rule 16 Conference.

## XII.  Protective Orders and Confidentiality Agreements

*The Parties should indicate whether they anticipate the need for a protective order in this case. If so, the Parties must explain what type of information needs protection from disclosure and why such protection is warranted under governing standards. In addition, the Parties are directed to Judge Gallagher's Policies and Procedures concerning Protective Orders and Confidentiality Agreements.*

- At this juncture, it is not anticipated any protective order will be required for this matter. That said, it may be that if certain of Plaintiffs' financial information and business strategy information need to be exchanged, a protective order may be needed in this regard.

## XIII.  Alternative Dispute Resolution

A. Have the Parties engaged in any settlement discussions? If so, set forth the status of those negotiations. If not, explain why not.

- The parties have not yet engaged in settlement discussions. In order to hold productive discussions, Plaintiffs need to first understand the extent to which the at-issue Letter was circulated, and the extent of related communications.

B. Have the Parties explored or considered other forms of alternative dispute resolution? If so, summarize those efforts. If not, state the Parties' positions with respect to ADR, as required under Local Rule of Civil Procedure 53.3.

- The parties are agreeable to ADR methods. That said, as noted above, it is the parties' position that more productive discussions on resolution will be possible after initial discovery responses are exchanged, and the extent of the dissemination of the at-issue Letter and related communications are better understood.

C. Identify the individual who will attend the Rule 16 conference who will have authority to discuss settlement.

- Counsel will discuss with their clients and have positions on settlement

## XIV. Consent to Send Case to a Magistrate Judge

*The Parties should indicate whether they consent to have a United States Magistrate Judge conduct any or all proceedings in this case, pursuant to 28 U.S.C. § 636(c). The Magistrate Judge assigned to this Court is Magistrate Judge Pamela A. Carlos.*

- The parties do not consent to submit the matter to the Magistrate Judge at this time.

## XV. Policies and Procedures

*Judge Gallagher's Policies and Procedures are available for the Parties to review on the Court's website. By signing below, counsel for each Party and/or each pro se Party represents that he or she has reviewed the Judge's Policies and Procedures and acknowledges the requirements contained therein. The Parties and their counsel further acknowledge by signing below that Judge Gallagher will strike pleadings and other submissions that do not comply with his Policies and Procedures.*

## XVI. Other Matters

*The Parties should identify any other issues that have not been addressed above but may require the Court's attention (e.g., anticipated motions, bifurcation, privilege issues, etc.).*

**ACKNOWLEDGEMENT OF RULE 26(F) MEETING AND THE ABOVE SUBMISSION TO THE COURT:**

| | |
|---|---|
| **DUANE MORRIS LLP** | **DUTKO LAW, LLC** |
| By: s/ *Scott M. Vernick* <br> Scott M. Vernick (ID No. 318880) <br> Jessica Linse (ID 327288) <br> 30 South 17th Street <br> Philadelphia, PA  19103-4196 <br> T: 215.979.1000 / F: 215.979.1022 <br> e: scott.vernick@duanemorris.com <br>    jlinse@duanemorris.com <br><br> *Attorneys for Plaintiffs* | By: s/ *Charles E. Dutko, Jr.* <br> Charles E. Dutko, Jr. <br> 15525 Kutztown Road, Suite B <br> Kutztown, PA 19530 <br> email: cdutko@dutkolaw.com <br><br> *Attorneys for Defendant* |