# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LIBERTY ELEVATOR EXPERTS, LLC, *et al.*,  :
                    Plaintiffs,  :

                               :

             v.  :           Civil No. 5:22-cv-00664-JMG

                               :

MR. ALBERT CHONG,  :
                     Defendant.  :

## ORDER

**AND NOW**, this 2nd day of June, 2022, after consideration of Defendant's Motion to Dismiss, (ECF No. 8), and Plaintiffs' Response in Opposition (ECF No. 9), it is **HEREBY ORDERED** that the Motion to Dismiss (ECF No. 8), is **DENIED**. [1]

---

[1]   A complaint may be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). In other words, "there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234–35 (3d Cir. 2008).

    Plaintiffs bring six claims against Defendant. The first two claims, defamation and libel, largely overlap. Libel is a written method of defamation. *See Mzamane v. Winfrey,* 693 F. Supp. 2d 442, 476 (E.D. Pa. 2010). To prevail on a defamation or libel claim, a plaintiff must establish six elements: "(1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; (5) the understanding by the recipient of it as intended to be applied to the plaintiff; and (6) special harm resulting to the plaintiff from its publication." 42 Pa. C.S. § 8343(a); *see also Goldfarb v. Kalodimos,* No. 20-5667, 539 F. Supp. 3d 435, 456 (E.D. Pa. 2021).

    Plaintiffs adequately establish Defendant's letter and other communications with customers contained defamatory statements applicable to Plaintiffs. They also adequately allege

in the Complaint that the readers understood the messages to be disparaging-including statements such as "Liberty is cheating the system [] to obtain more inspectors to feed their greed," "Chris Dodds [is one] of the most dishonest individuals I have run across," and "it's a shame [they] have stoop[ed] so low in such a malignant, self-centered manner." Consequently, Plaintiffs allegedly suffered humiliation, loss of business, and loss of reputation. Complaint ¶¶ 19, 40-42, 44-46, 48-55, Exhibit 6; Motion to Dismiss at Exhibit 6 ("MTD"), ECF No. 8. Accordingly, Plaintiffs' claims of defamation and libel will not be dismissed.

Plaintiffs' third claim of commercial disparagement also succeeds. To prevail on a commercial disparagement claim, a plaintiff must establish four elements: (1) "the statement is false; (2) the publisher either intends the publication to cause pecuniary loss or reasonably should recognize that publication will result in pecuniary loss; (3) pecuniary loss does result; and (4) the publisher either knows that the statement is false or acts in reckless disregard of its truth or falsity." *See Mallory v. S & S Publishers*, 168 F. Supp. 3d 760, 774 (E.D. Pa. 2016). Defendant argues that Plaintiffs fail to plead damages with specificity. MTD at 4. "Pennsylvania law requires that a plaintiff claiming commercial disparagement plead damages with considerable specificity by setting out in its complaint the names of the customers lost and its financial loss." *Am. Bd. of Internal Med. v. Von Muller*, No. 10-2680, 2011 WL 857337, at *7 (E.D. Pa. Mar. 10, 2011). However, "[t]his requirement is relaxed where the disparagement claimed rises to the level of defamation per se, through publication which imputes to another conduct, characteristics, or condition that would adversely affect her in her lawful business or trade." *Id.* In that case, instead of proving pecuniary loss with specificity, a plaintiff "need only prove general damages." *Id.*; *see also Bro-Tech Corp. v. Thermax, Inc.*, 651 F. Supp. 2d 378, 416 (E.D. Pa. 2009).

Here, Defendant's disparagement rises to the level of defamation per se and Plaintiff need only show general damages. Defendant wrote of Liberty, an elevator inspection company, that "many of these inspections involve high rise buildings and it is no way possible to do that many inspections in a day, but Liberty does not give a shit," and "this will eventually lead to a very bad accident or death, and in the past few years there have been a few really bad ones." Complaint at Exhibit 6. These statements "impute to [Plaintiff] conduct, characteristics, or a condition that would adversely affect [it] in lawful business or trade." *Patel v. Patel*, No. 14-2949, 2015 WL 6735958, at *5 (E.D. Pa. Nov. 4, 2015). The statements have the potential to adversely affect Plaintiffs' business and cause reputational damages. *See Am. Bd. Of Internal Med.*, 2011 WL 857337, at *7 (denying motion to dismiss commercial disparagement counterclaim because the defendant's disparaging comments could arguably be defamatory per se). Accordingly, Plaintiffs' commercial disparagement claim will not be dismissed.

Plaintiff Liberty next claims tortious interference with prospective commercial relations. To prevail on this claim a plaintiff must show: "(1) a prospective contractual relationship; (2) the purpose or intent to harm the plaintiff by preventing the relationship from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage resulting from defendant's conduct." *Silver v. Mendel,* 894 F.2d 598, 602 (3d Cir. 1990).

Here, Defendant challenges only element four, arguing that "plaintiffs have failed to assert, with any level of specificity, the actual damage suffered by the alleged conduct of the defendant."

BY THE COURT:


*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

MTD at 5. However, the facts alleged, if true, plausibly allege damages. Additionally, the Third Circuit Court of Appeals has expressed some reluctance to terminate an interference with prospective commercial relations claim at the motion to dismiss stage. *See Kachmar v. SunGard Data Sys., Inc.*, 109 F.3d 173, 184-187 (3d Cir. 1997) (reversing dismissal of a tortious interference with prospective contract claim); *see also I.M. Wilson, Inc. v. Otvetstvennostyou*, 500 F. Supp. 3d 380, 426 (E.D. Pa. 2020). Therefore, Plaintiff's claim of tortious interference will not be dismissed.

Plaintiff Liberty also establishes its fifth claim, breach of the fiduciary duty of loyalty. Defendant argues that Plaintiff "failed to aver from where the alleged duty arose." MTD at 5. However, "Pennsylvania [law] dictates that an employee, as the agent of his employer, owes his employer a duty of loyalty." *Synthes, Inc. v. Emerge Medical, Inc.* 25 F.Supp. 3d 617 (E.D. Pa. 2014); *see also* Restatement (Third) of Agency § 1.01 cmt. g ("As agents, all employees owe a duty of loyalty to their employers.") Accordingly, Plaintiff's claim of the fiduciary duty of loyalty will not be dismissed.

Finally, Plaintiff Liberty adequately pleads Defendant's statements are a breach of the non-disparagement clause of the employee handbook which prohibits "using disparaging, abusive, profane, or offensive language that might adversely reflect on Liberty." Complaint ¶¶ 79-83. Plaintiff alleges that Defendant breached his contract by "defam[ing] Liberty verbally and in writing to third parties," with statements including "records will be forged for most of the recent applications," Liberty has "no moral uprightness, nor care for its employees," and "[Liberty] does not give a shit." Complaint ¶ 37 and Exhibit 6. Defendant argues this claim should be dismissed because it lacks specificity. However, Plaintiff adequately factually established the existence of the contract, area of breach, and resultant damages.

At this early phase of the litigation the Court finds that, viewed in the light most favorable to Plaintiffs, Plaintiffs' Complaint contains sufficient factual allegations to allow for the plausibility of each of the six claims alleged and Defendant's motion to dismiss is denied.